**The Law Office of Donald M. Doherty, Jr.**
Donald M. Doherty, Jr., Esq.
(DD-0446)
125 North Route 73
West Berlin, NJ 08091
(609) 336-1297
Attorney for the Plaintiff and the putative class

**United States District Court
For the District of New Jersey
(CAMDEN VICINAGE)**

| | |
|---|---|
| Thomas Eddis, on behalf of himself and all those similarly situated,<br>       *Plaintiff*,<br>vs.<br><br>Hayt, Hayt & Landau, L.L.C.,<br>First American Acceptance Co., LLC and<br>Martin Rubin, Esq.,<br><br>       *Defendants*. | : Civil Case No.<br>:<br>:<br>:<br>: Complaint<br>: (Class Action)<br>:<br>:<br>:<br>:<br>: |

Plaintiff hereby complains against the Defendants as follows:

1. Plaintiff Thomas Eddis resides and is domiciled in West Berlin, Camden County, NJ.

2. a. Defendant Hayt, Hayt & Landau, L.L.C., is a law firm located at Two Industrial Way West, Eatontown, NJ 07724.

 b. Defendant First American Acceptance Co., LLC is a New Jersey Limited Liability Company that regularly conducts and engages in business in New Jersey and is principally located at Two Industrial Way West, Eatontown, NJ 07724.

 c. Defendant Martin Rubin Esq, is a New Jersey licensed attorney. He is a shareholder (if not sole shareholder) of Defendant Hayt, Hayt & Landau, LLC and is the sole member (and managing member) of the Defendant First American Acceptance Co., LLC.

 d. At all times material and relevant hereto, Hayt, Hayt & Landau acted as an agent in furtherance of the objectives of its principal, First American; accordingly, First American is jointly and severally liable for the acts and omissions of its agent.

 e. At all times material and relevant hereto, Rubin exercised influence and control over both Hayt, Hayt & Landau, L.L.C. and First American Acceptance Co., LLC and directly participated in the conduct giving rise to FDCPA liability.

## JURISDICTION

3. Jurisdiction is proper in the Federal District Court as the case is premised solely upon a federal question as defined under 28 U.S.C. 1331, to wit, application and interpretation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

4. a. Venue properly lies in the District of New Jersey pursuant to 15 U.S.C. 1692k(d), as the plaintiff and those similarly situated to him, by definition, reside in New Jersey. All Defendants are located in New Jersey.

   b. The Camden vicinage is proper as Plaintiff resides within its bounds and all Defendants routinely engage in business in that vicinage.

### Violation of The Fair Debt Collection Practices Act, 15 U.S.C. 1692 et. seq.

5. Plaintiff defaulted on a credit card obligation.

6. The debt owed by the Plaintiff was an obligation to arising from personal, family or household purposes and is a "debt" within the meaning ascribed to the term by the FDCPA.

7. Defendant First American acquired the Eddis debt after he went into default with Chase Bank, the original creditor.

8. Defendant First American is a debt collector within the meaning of FDCPA jurisprudence.

9. Defendant First American engaged Defendant Hayt, Hayt & Landau, L.L.C. to collect the Eddis debt.

10. Defendant Hayt, Hayt & Landau, L.L.C. is law firm doing business in New Jersey and has a significant consumer collections component as part of its practice.

11. Defendant Hayt, Hayt & Landau, L.L.C. is a debt collector within the meaning of the Fair Collection Practices Act and attendant case law.

12. Defendant Rubin is the principal of debt collector/Defendant First American that directed the collection efforts to Defendant Hayt, Hayt & Landau, where he is the controlling shareholder and where he oversaw and directed the collection efforts directed against Eddis and others.

13. Defendant Rubin is a debt collector within the meaning of the Fair Collection Practices Act and attendant case law.

14. As part of its collection methods, Defendants First American and Rubin engaged Defendant Hayt, Hayt & Landau to dun Eddis, and those similarly situated to him, with collection correspondence.

15. Plaintiff, along with those similarly situated to him, was sent a dunning letter that read in part as follows:

    ```
    This firm is handling the collection of your balance due of....as
    shown above.  If you are unable to pay the balance at one time, call
    MR. MACK at our office....and make your proposal for repayment.  MR.
    MACK is not an attorney.........

    ....Under Federal Law, 15 U.S.C. sec. 1692 et. seq., unless you
    dispute the validity of this debt, or any portion of the debt, within
    thirty (30) days after receipt of this notice, we will assume the
    debt is valid.  If you notify us within the thirty-day period that
    the debt, or any portion of the debt, is disputed, we will obtain and
    mail to you verification of the debt or a copy of any judgment.  Upon
    your request within the thirty-day period, we will provide you with
    the name and address of the original creditor, if different from the
    current creditor.

    Hayt, Hayt & Landau collects debts, At this time no attorney with
    this firm has personally reviewed the particular circumstances of
    your account.  We are attempting to collect a debt.  Any information
    we obtain will be used for that purpose.

                                      Very truly yours,

                                      HAYT, HAYT & LANDAU
    ```

16. This letter was sent to the Plaintiff on/about June 9, 2011 and was received a short time thereafter.

17. The letter prominently notes that the Hayt, Hayt & Landau organization is a law firm as it references "LAW OFFICES OF", references "attorney with this firm" and discusses "this firm is handling the collection of your balance".

18. Defendant Hayt, Hayt & Landau's claim to be engaged for collection of the debt yet then subsequently "disclaiming" knowledge of the matters it seeks to collect is confusing, false, deceptive, misleading and unfair to debtors and is a violation of the Rules of Professional Conduct.

19. The only purpose of engaging a law firm to dun a debtor - *particularly a law firm that eschews any knowledge of the file* - is to utilize the implicit threat inherent in stationary emblazoned with "LAW OFFICES", a roster of attorney names and the foreboding warning that "This firm is handling the collection of your balance" and falsely imply that a law firm is meaningfully involved in the collection process as a law firm and not acting like a mere collection agency.

20. Under New Jersey law, it is not permitted for a non-lawyer be the only referenced contact in legal correspondence addressing substantive matters. The recipient of a letter must be made aware of the responsible attorney for the matter.

21. Defendant Hayt, Hayt & Landau's letter references only a "MR. MACK" as a contact and notes that "MR. MACK is not an attorney." The letter did not indicate which of the attorneys was the responsible attorney for the matter.

22. The initial contact correspondence/collection letter of June 9, was then followed a short time later with a second, "follow-up" letter. This "follow up" letter was sent within the 30 day verification period (June 29) and was received by Eddis July 1. Plaintiff received that letter within 30 days of the first letter.

23. The "follow up" letter demands Eddis "remit payment" for the sum due and informs him that he can pay the balance at one time or make arrangements to pay it. The "follow up" letter makes no reference to the 30-day right to dispute the debt even though it is sent within the 30-day time frame and overshadows the 30-day window to dispute the debt.

24. The "follow-up" letter also notes that no attorney has reviewed the file and also references only "MR. MACK", a non-lawyer contact.

25. All Defendants are large scale debt collectors. Defendant First American is a defaulted debt purchaser acquiring debts from national banks and credit providers (such as Chase, to whom Eddis originally defaulted). Defendant Hayt, Hayt & Landau engages in an automated, collection practice. The letter sent to the Plaintiff bears the hallmarks of a form letter - bar coded envelopes for tracking and large spaces for inserting original creditor references. Defendant Rubin controls both entities.

26. Members of the prospective class(es) are so numerous that joinder of all class members is impractical. Plaintiff's good faith belief is that there are at least several hundred class members based upon the size and scope of the Defendants' activities in the field of consumer debt collection. The exact number and identities of the class members are currently unknown and can be ascertained from the books/records of the Defendants and/or appropriate discovery.

27. Common questions of law and fact exist as to all members of the class(es) that predominate over any questions affecting any individual class members of the class(es).

28. Common questions of fact include, but may not be limited to:

   a. How many collection letters were sent by the Defendant Hayt, Hayt & Landau similar to the one sent to the Plaintiff during the one year prior to the filing of this complaint?;

   b. How many collection letters were sent by the Defendant Hayt, Hayt & Landau on behalf of Defendant First American similar to the one sent to the Plaintiff during the one year prior to the filing of this complaint?;

   c. How many "follow up" letters similar to the one sent to the Plaintiff were sent by the Defendant Hayt, Hayt & Landau within 30 days of the initial collection correspondence during the one year prior to the filing of this complaint?; and

    d.   The nature of the relationship(s) between First American, Hayt, Hayt & Landau and Rubin.

29. Common questions of law include, but are not limited to, whether or not the letters sent by/on behalf of the Defendants comply with the Fair Debt Collection Practices Act.

29. Plaintiff's claims are typical of the claims of the class(es) as he was subjected to the collection initial correspondence sent by Defendants on behalf Defendant First American which contained the "disclaimer", failed to disclose the supervising attorney and also received the "follow up" letter within 30 days of the initial correspondence.

30. Plaintiff has the same interest as all other members of the class(es) - ensuring Defendants comply with all laws affecting the collection of consumer debts.

31. Plaintiff will fairly and adequately represent and protect the interest of the class(es). Plaintiff has no known conflicts with any class member and could never have any conflict with another class member relevant to this case as the matter is wholly dependant on Defendants' unilateral conduct. The interest(s) of the Plaintiff is coincident to, and not antagonistic to, the interest of other members of the class.

32. Plaintiff has retained counsel with experience in class action litigation, as well as other complex litigation.

33. The questions of law and fact common to members of the class(es) predominant over any questions affecting individual class members as the legality of Defendants' unilateral conduct is a precursor to establishing liability for the complained-of violations and no class member can have an issue involving the correspondence that rises above this threshold determination.

34. Class litigation is the superior method to adjudicate the common questions. The prosecution of separate actions by individual members of the class would result in duplicitous litigation over the same issues and possibly create a risk of inconsistent or varying adjudications that could result in establishing inconsistent standards of conduct, policies and/or procedures for the Defendants. The Defendants act(ed) in ways that affect all class members identically.

35. The class action mechanism is superior to other available methods for the fair and efficient adjudication of this controversy.

36. Neither Plaintiff, nor his counsel, will have difficulty managing their respective roles in prosecuting this action as a class action.

37. The litigation postures two possible classes at this time, a "master class" and a "subclass".

    a.   The master class would consist of all those natural persons in the State of New Jersey that were sent collection correspondence by Defendant Hayt, Hayt & Landau, LLC materially similar to the correspondence sent to the Plaintiff in furtherance of debt collection for a debt incurred primarily for personal, family or household purposes

within the 1 year preceding the filing date of the complaint.

b. The subclass would consist of all those natural persons in the State of New Jersey that were sent collection correspondence by Defendant Hayt, Hayt & Landau, LLC on behalf of Defendant First American Acceptance Co., LLC materially similar to the correspondence sent to the Plaintiff in furtherance of debt collection for a debt incurred primarily for personal, family or household purposes within the 1 year preceding the filing date of the complaint.

Wherefore, Plaintiffs request judgment as follows:

a. Certifying this matter as a class action, with multiple classes, or sub-classes, as may be appropriate;
b. Awarding such sums as appropriate under 15 U.S.C. 1692k;
c. Awarding counsel fees and costs of suit;
d. Awarding pre-judgment interest;
e. Awarding other such relief as the Court may deem fair and equitable.

Donald M. Doherty, Jr., Esq.
DD-0446